Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JAMES B. MORAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2000 C 1649 | **DATE** | Feb 1, 2001 |
| **CASE TITLE** | Andre Hall v. Mike Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss [7-1] is granted with respect to Cook County and is otherwise denied, without prejudice to defendants' raising the same issues in a motion for summary judgment. Cook County is dismissed as a defendant. The other defendants are required to answer within thirty days of the date of this order.

(11) ■ For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 02 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 15 |
| | Copy to judge/magistrate judge. | | | |
| | | courtroom deputy's initials | 01 FEB -1 PM 3:36 | date mailed notice |
| | | Date/time received in central Clerk's Office | | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANDRE HALL,

    Plaintiff,

v.

MICHAEL SHEAHAN, et al.,

    Defendants.

No. 2000 C 1649

Judge James B. Moran

DOCKETED FEB 02 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Andre Hall filed this action on March 15, 2000, complaining that Cook County Sheriff Michael Sheahan, an unnamed superintendent, and "Officer Baker" violated his constitutional rights by ignoring a broken toilet that repeatedly spread water and fecal matter on the floor of his cell at the Cook County Jail (Jail). He repeatedly asked that the toilet be fixed, and was told that it had leaked for seven months before he was assigned to the cell. On October 16, 1998, Hall slipped in the mess and fell, injuring his hip and back. After Hall returned from the hospital, he was put in another cell until a plumber came and determined that the toilet should have been replaced.

The court granted Hall leave to proceed *in forma pauperis* on June 12, 2000. Only Sheriff Sheahan and Cook County have been served with process; the other two defendants have not yet been identified or served. Sheahan and Cook County have moved to dismiss his suit under Rule 12(b)(6), contending that (a) it is barred by the Prison Litigation Reform Act (PLRA), because Hall did not utilize the institutional grievance procedure; (b) Hall has not stated a claim against Cook County; (c) Hall has not alleged that defendants had the requisite intent, and (d) defendants are entitled to qualified immunity.

A motion to dismiss should not be granted unless the court concludes that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In deciding a motion to dismiss, we assume that the alleged facts are true and draw every reasonable inference in the plaintiff's favor. *LeBlang Motors, Inc. v. Subaru of America, Inc.*, 148 F.3d 680, 690 (7th Cir. 1998). A pro se complaint is

/5

held to less stringent standards than a complaint drafted by an attorney, *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992), and for a pro se plaintiff the court considers the allegations contained in all documents filed with the court. *Swofford*, 969 F.2d at 549.

## A. EXHAUSTION

The PLRA contains a comprehensive administrative exhaustion requirement: "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Hall acknowledges that he did not use the Jail's grievance procedure, but alleges that he was unaware of it. Hall does allege that he complained repeatedly to Jail personnel.

A plaintiff can plead himself out of court by alleging facts showing he has no viable claim, *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995), but Hall has not done so here. Defendants are correct that a plaintiff may not deliberately bypass the grievance procedure because he believes it futile. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 536-37 (7th Cir. 1999). But Hall claims he did not know of the grievance procedure, and in some circumstances that could excuse exhaustion.

An institution cannot keep inmates in ignorance of the grievance procedure and then fault them for not using it. A grievance procedure that is not made known to inmates is not an "available" administrative remedy. *Cf. Johnson v. Garraghty*, 57 F.Supp.2d 321 (E.D.Va. 1999)(if correctional officials prevented plaintiff from using grievance procedure, it would excuse exhaustion). On the other hand, correctional officials are entitled to the benefit of § 1997e(a) as long as the institution has made a reasonable, good-faith effort to make a grievance procedure available to inmates; an inmate may not close his eyes to what he reasonably should have known. When a plaintiff claims ignorance of the grievance procedure, it becomes a question of fact whether the grievance procedure was an available administrative remedy he was required to exhaust.

To be entitled to judgment on grounds of non-exhaustion, defendants would need to establish that the grievance procedure was posted in such a manner that Hall could reasonably

be expected to see it, or that Jail employees explained the procedure to him. Such questions of fact are not normally resolved by a motion to dismiss. Defendants ask the court to take judicial notice that "CCDOC has a well established and well published grievance procedure," because it is "well documented" in the May 12, 2000 status report of the John Howard Association, the monitor of Jail conditions appointed by this court in *Duran v. Sheahan*, No. 74 C 2949.

While the court can take judicial notice of matters of public record in deciding a motion to dismiss, *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994), this sort of offhand reference is unacceptable.[1] In the first place, taking judicial notice of public records is not the same thing as taking judicial notice of the truth of what is stated in them. Second, counsel does not explain how the May 12, 2000 status report, addressing conditions in the Jail in the preceding year, is relevant to events occurring in 1998. And, third, however trustworthy such reports may be, general observations in a report are, at most, some evidence of the conditions encountered by a particular detainee at a particular time; they are not likely to be conclusive.

On its own motion the court has examined the relevant report of the John Howard Association filed September 30, 1998. The report states that "grievance boxes were still serviceable and in use and grievance forms generally available during the year." *Duran v. Sheahan*, No. 74 C 2949, dkt. no. 791 (JHA 1998 Report) at 110. The report also states that "since the issuance of the revised inmate handbook in February 1998, a written explanation of the grievance procedure has been generally available to inmates." *Id.* at 116. This hardly establishes as a matter of law that Hall had notice of the grievance procedure, constructive or actual.

There is also the further possibility that the conduct of Jail employees estops the defendants from invoking the exhaustion requirement. Hall states in response to the defendants' motion that Baker told him she would have the toilet fixed, and told him to stop asking her about it. This

---

[1] In defending claims arising from conditions of confinement at the Jail, the State's Attorney's Office has an unfortunate practice of invoking the John Howard Association's reports as conclusive proof that matters were not as the plaintiff alleged. *See Gordon v. Sheahan*, No. 96 C 1784, 1998 WL 341796 (Manning, J.); *Miller v. Pinson*, No. 94 C 2157, 1996 WL 596501 (Grady, J.); *Pryor v. Sheahan*, No. 94 C 103, 1996 WL 464193 (Manning, J.).

raises the question whether Baker effectively represented (or misrepresented) to Hall that he had done all he needed to do, or that the grievance procedure was useless, i.e., "available," but not a "remedy."[2] These are all issues of fact that cannot be resolved on a motion to dismiss.

## B. CLAIM AGAINST COOK COUNTY

The court agrees that Hall has not stated a claim against Cook County. While *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989), *cert. denied*, 495 U.S. 929 (1990), concluded that a county could not be liable for the decisions of a sheriff, a separate constitutional officer, that conclusion may be subject to reconsideration in light of *Brokaw v. Mercer County*, 235 F.3d 1000 (7th Cir. 2000). Perhaps the sheriff, as a county officer, acts on behalf of the county. We do not reach that issue, however, because the County can be liable only if Hall's injury can be directly attributed to some custom or policy of the County. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 478-79 (7th Cir. 1997). Hall refers vaguely to "an ongoing custom/policy of providing an unsafe & unsafe [sic] living condition at the Cook County Jail." He also alleges that Sheahan, who undoubtedly has policymaking authority, "failed to train and supervise [subordinates] on the proper maintenance of cells and the safety & protection of pretrial detainees." These allegations are insufficient to state a claim against Cook County.

In a recent opinion, the Seventh Circuit acknowledged that "district courts continue to struggle with this and other courts' pronouncements as to exactly what a plaintiff bringing a municipal liability suit must plead to survive a motion to dismiss-- and with reason." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Contrasting opinions such as *Jackson v. Marion County, supra*, which endorsed "conclusory" notice pleading, with others such as *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998), holding that the plaintiff could not state a claim by simply attaching a "bare conclusion to the facts he narrates," the court chose the

---

[2] The September 1998 Report noted that only about half of the grievances received responses that were reasonably timely, and this meant only that some kind of written response was given, not that the inmate received any kind of appropriate relief. JHA 1998 Report at 115-16.

former as being more consistent with *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993). As this is the Court of Appeals' latest (though not necessarily last) word on the subject, we will follow it here.

Hall's allegation of "an ongoing custom/policy of providing an unsafe & unsafe [sic] living condition at the Cook County Jail" does not provide defendants with fair notice of what they are alleged to have done. Even in the realm of "notice pleading," a plaintiff may not "[leave] out facts necessary to give the defendants a complete understanding of the claims made against them," and must give defendants "notice of the crux of the plaintiff's charges." *McCormick*, 230 F.3d at 325. To accuse Cook County of a "policy" of making the Jail unsafe is meaningless. *Cf. Payne v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998)(allegation that county maintained its own confinement facility with deliberate indifference and callous disregard for the welfare of inmates did not allege municipal policy).

Hall's claim of inadequate training fails for a different reason. Only in limited circumstances will failure to train be characterized as a municipal policy under § 1983. The Supreme Court held in *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989), that "the inadequacy of police training may serve as the basis for [section] 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." This standard is met only if "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers ... can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 390.

Here, no reasonable inference links Hall's injury to a failure to train. No reasonable person could find the need for training obvious in itself. It requires no training to recognize an overflowing or leaking toilet, or to recognize that it presents a health and safety hazard. Nor has Hall alleged a general pattern of toilet neglect, known to county policymakers, that might lend some plausibility to a failure-to-train claim. *See id.*, 489 U.S. at 390 n. 10; *Robles v. City of Fort Wayne*, 113 F.3d 732, 735-36 (7th Cir. 1997). Cook County is dismissed as a defendant.

## C. CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

Defendants' brief correctly sets forth the applicable legal framework. The Constitution is offended only if the plaintiff has experienced "punishment." The Due Process Clause of the Fourteenth Amendment prohibits any punishment of pretrial detainees without due process of law. *Tesch v. Village of Green Lake*, 157 F.3d 465, 472-73 (7th Cir. 1998). For conditions of confinement to be considered "punishment" in the constitutional sense, both an objective and a subjective test must be met: the conditions inflicted on the plaintiff must be both objectively severe and imposed either with an actual intent to punish or with deliberate indifference to the prisoner's discomfort. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Tesch*, 157 F.3d at 473-74.

Defendants do not contend that the objective test has not been met, but point out that Hall did not allege that Sheriff Sheahan had personal knowledge of the conditions in Hall's cell and so could not have had the requisite state of mind. Defendants are correct that personal knowledge or participation is required for § 1983 liability, and there is no *respondeat superior* liability under § 1983. *Whitford v. Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995). The complaint does not state a claim against Sheahan.

Nevertheless, this does not require that the complaint be dismissed at this time. Although Sheahan is the only individual defendant now before the court, he is not the only individual defendant named in the complaint. Hall has also sued an unknown-named superintendent and an "Officer Baker" who was insufficiently identified to be served. A supervisory person without actual liability, such as Sheriff Sheahan, may be named as a defendant so that the plaintiff may conduct discovery to learn the identities of the real defendants. *Donald v. Sheahan*, 95 F.3d 548, 554-555 (7th Cir. 1996); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 790 (7th Cir. 1995). Until Hall has had an adequate opportunity to discover the correct defendants, Sheahan will not be dismissed.

## QUALIFIED IMMUNITY

Defendants correctly state that qualified immunity protects government officials from monetary liability when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). They do not explain how that rule applies here. It was established in 1998 that prisoners have a right to "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), among them reasonable sanitation. Consequently, a reasonable correctional officer would have known that permitting toilet sewage to flood the floor over a period of months could rise to the level of a constitutional violation. *See DelRaine v. Williford*, 32 F.3d 1024, 1034 (7th Cir. 1994)("the right of a prisoner not to be confined in a cell ... in conditions lacking basic sanitation was well established in 1986"); *Jackson v. Duckworth*, 955 F.2d 21 (7th Cir. 1992); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989)("Clearly, prison officials have a responsibility to provide inmates with a minima [sic] of shelter, sanitation and utilities -- basic necessities of civilized life"). While unsanitary conditions over a short period may be excused, *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988), this does not immunize Jail officials who deliberately neglect them for a protracted period.

## CONCLUSION

Cook County is dismissed as a defendant, and defendants' motion is otherwise denied. Within thirty days of this order, defendant Sheahan is directed to answer the complaint and disclose to Hall the full names of the superintendent of the unit in which Hall was confined and "Officer Baker" so that they may be served.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 1, 2001.