# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 1649 | DATE | 7/3/2001 |
| CASE TITLE | Andre Hall vs. Michael Sheahan et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The motion for appointment of counsel is denied. Plaintiff is directed to advise the court within 30 days why the unit superintendent and "Officer Baker" have not been served, and to comply with outstanding discovery or the complaint will be dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 05 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| | Mail A 450 form. | ED-7 FILED FOR DOCKETING 01 JUL -3 PM 4:58 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDRE HALL,           )
                      )
        Plaintiff,    )
                      )
   vs.                )  No. 00 C 1649
                      )
MICHAEL SHEAHAN, et al., )
                      )
        Defendants.   )

DOCKETED
JUL 0 5 2001

## MEMORANDUM OPINION AND ORDER

This action was filed on March 15, 2000, complaining of injuries allegedly sustained in a fall while he was a pretrial detainee at the Cook County Jail on October 16, 1998. On February 1, 2001, we dismissed Cook County, kept in Sheriff Sheahan as a nominal defendant, and directed that he provide the full names of the unit superintendent and an "Officer Baker" be disclosed to plaintiff within thirty days so that they might be identified and served. In the meantime, plaintiff was released from prison. He furnished his new address on January 22, 2001.

Defendant Sheahan represents that he disclosed the name of the unit superintendent to plaintiff on February 22, 2001, and also provided him with log sheets and daily rosters to help plaintiff identify "Officer Baker," who could not be identified by that name. On that same day the defendant sent interrogatories to plaintiff and a request for production. Not having received a response, defendant wrote plaintiff asking him to comply. That was followed by a motion to compel on April 19, 2001, which was granted on May 3, 2001, with a direction to comply by May 17, 2001.

Other than the notification of a Chicago address in January, the only communication from plaintiff since his release is an April 9, 2001 letter asking for appointment of counsel,

stating that he was without funds or a job and did not know the law. There is no indication of any effort to obtain an attorney since his release.

Plaintiff is no longer in prison. The standard of proof is different from a normal slip-and-fall case, as he must prove reckless indifference rather than just negligence. Otherwise, he is in no different position than persons generally who are injured in a fall. They seek representation by an attorney who will provide services for a contingent fee. If a plaintiff has a meritorious case and the injuries are other than minor, representation can generally be obtained.

But there is one additional consideration, which would make finding representation more difficult and at the same time militates against appointment of counsel. The statute of limitations is two years. In the normal course it would have run on October 15, 2000. Perhaps it was tolled here because of the obvious difficulty a prisoner in state prison has in identifying personnel in the Cook County Jail. But here the plaintiff was furnished with that information over four months ago. A *pro se* plaintiff may well be unable to prosecute his lawsuit in all respects, but effecting service is neither complex nor a mystery. All plaintiff had to do was come to the courthouse and ask a clerk for assistance. We do not believe that plaintiff has demonstrated a sufficient commitment to his claim or that it is now so likely to be carried forward successfully as to justify appointment of counsel.

The motion for appointment of counsel is denied. Plaintiff is directed to advise the court within 30 days why the unit superintendent and "Officer Baker" have not been served, and to comply with outstanding discovery or the complaint will be dismissed.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 3, 2001.